IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IDEA PUBLIC CHARTER SCHOOL ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| CONSUELLA S. MCKINLEY, ) | Civil Action No: 1:06-01916(EGS) | |
| as next friend of the minor child ) | | |
| M.K. ) | | |
|     Defendants. ) | | |
| ) | | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

    **COMES NOW**, the Defendant's, by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Plaintiff, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

                                                    Respectfully submitted,

                                                          /s/
                                              Roxanne D. Neloms [478157]
                                             Domiento C.R. Hill [ MD14793]
                                             Brown & Associates, PLLC
                                             1220 L. Street, NW, Suite 700
                                             Washington, DC 20005
                                             (202)742-2000 (Tele.)
                                             Counsels for Defendants

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IDEA PUBLIC CHARTER SCHOOL )  Plaintiff ) ) | | |
| v. ) ) | | |
| CONSUELLA S. MCKINLEY, ) as next friend of the minor child ) M.K. ) Defendants. ) ) | | Civil Action No: 1:06-01916(EGS) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, the Defendants, by and through their attorneys Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Plaintiff's Motion for Summary Judgment respectfully represent unto this Honorable Court as follows:

### I. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-

moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

This Honorable Court should grant the Defendant's Motion for Summary Judgement as the Plaintiff has failed to satisfy its burden in its Motion for Summary Judgment.

## II. ARGUMENT

### A. PARENTAL CONSENT BEGINS THE EVALUATION PROCESS.

As noted in the Defendants' motion for summary judgment, IDEA PCS shoulders the burden of demonstrating to the Court that it should not afford due weight to the September 2006 HOD which determined that IDEA PCS denied K.M. access to a free and appropriate education. In its papers, the Plaintiff argues that all LEAs are required to convene a MDT meeting to determine the necessary evaluations for a suspected disabled child and that a signed consent form, without such a meeting would only serve to short circuit the process. **See Plaintiff's Motion for Summary Judgment at 7**. The Plaintiff's argument is without merit, because parental consent begins the evaluation process. As detailed in 20 U.S.C. section 1414 (A)-(D), a

parent of a child may initiate, as in this case, a request for an initial evaluation to determine whether a child is a child with a disability. 20 U.S.C. section 1414 (A)-(D). If the State has established a time-frame in which the evaluation must be completed, that evaluation must be conducted within that time-frame. *Id*

In the case *sub judice,* the parent submitted a letter on January 10, 2006, requesting comprehensive evaluations on behalf of her daughter and in its attempts to delay the process, IDEA PCS' principal, Ms. Blount, tried to schedule a meeting to determine if evaluations were warranted on K.M.'s behalf. Notwithstanding the fact, that K.M. attempted to commit suicide on the school's campus, IDEA PCS spent the majority of its time trying to schedule a meeting to obtain parental consent to begin a process it already had the consent to begin. **See Exhibit 156-158**.

IDEA PCS maintains that a meeting is necessary to determine which evaluations should be administered on K.M.'s behalf. Again 34 CFR 300.305, lists several steps an IEP team must engage in **as a part of** the initial evaluation, **if appropriate**. More specifically, parental consent begins the time-line and within that time-line a meeting **may be** scheduled, if appropriate. Thus, on a case by case basis, a meeting may not always appropriate or necessary. For example, as the facts presented themselves in this case, the convening of a meeting was not necessary nor appropriate, because K.M.'s suicide attempt occurred in October 2005. Regardless of IDEA PCS foregoing their child-find obligations, the convening of a meeting served no purpose but to delay the parental request for evaluations. Statutorily speaking, IDEA PCS had to evaluate K.M., **"within 120 days from the date [K.M.] was referred for an evaluation or assessment. . . ."**, thereby the January 2006 request for evaluations should have been completed by May 2006. See D.C. Code § 38-2501(a)(emphasis added). The hearing officer did not err in finding that

IDEA PCS failed to adhere to the procedural safeguards which required them to complete evaluations in a timely manner, specifically within a 120 time period.

### B. THE PARENT DID NOT INTERFERE OR ENGAGE IN TACTICS TO DELAY THE EVALUATION PROCESS.

Counsel for IDEA PCS asserts that the parent, on several occasions, failed to produce K.M. for evaluations and relied on *Walker v. District of Columbia,* to support its contention. ***See Plaintiff's Motion for Summary Judgment at 9***; see *Walker v. District of Columbia*, However, the holding in *Walker* hardly supports IDEA PCS' position and is wholly inapposite to the case at bar. *Walker* contained a plethora of instances of a child that engaged in excessive absenteeism, the Court noted that the plaintiffs did not meet their burden with respects to proving their claim for ***compensatory damages*** under Section 504, but that the correct remedy for the districts' failure to comply with IDEIA was ***compensatory education***.

K.M. did not engage in excessive absenteeism, her illness kept her from attending school and even while she completed assignments at home, evaluators did not attempt to schedule assessments on her behalf, a fact pointed out in the September 2006 Hearing Officers Determination that on "cross examination the Psychologist testified that she did not speak directly to either the educational advocate or the Parent and that she did not send anything in writing to anyone concerning evaluating the student for special education services. ***See AR at 7.*** The hearing officer further specifically found that "IDEA PCS and/or MHR did not attempt to evaluate the student for special education services until April 24, 2006 and, thereafter, not before June 21, 2006. ***See AR at 8.*** The parent did not interfere with the evaluation process on behalf of K.M.. The record is devoid of IDEA PCS attempts, written or otherwise, informing the parent to make K.M. available for testing.

Additionally, relying on the administrative record at pages 176,178,182, & 184, IDEA PCS' counsel claims that the "record is replete with examples of [sic] K.M.'s Mother lack of cooperation and failure to make her daughter available for the scheduled meetings with IDEA-PCS. *Id at 9.* The above referenced pages only refer to one meeting and its subsequent cancellation and rescheduling, which one can hardly consider examples of numerous attempts. ***See AR at 176,178,182, 184***.  Again IDEA PCS had notice that K.M's attending psychiatrist Laurence Greenwood, MD recommended that K.M. receive Visiting Instructional Services (VIS) until her medical condition improved. ***See AR at 76.*** Counsel's representation that the parent never made her daughter available is unsupported by the record and as a result this Court should find that the parent did not interfere or delay the evaluation process.

### C. K.M.'S NON- ATTENDANCE AT IDEA PCS DID NOT VOID TIME-LINES.

Counsel claims that the parent voluntarily kept K.M. from attending IDEA PCS, and as the record demonstrates, this is simply not true. The parent requested home instruction based on the attending physician's recommendation. ***See AR at 76***. After being informed that IDEA PCS could not provide such services, the parent took the next logical step and contacted the District of Columbia Public School System, who informed her that her child had to be enrolled in a DCPS school to receive such services. ***See AR at 2-11, 78; see also TR at 15-17.*** Consequently, because the parent only registered K.M. as a non-attending student with DCPS and did not enroll the student in a DCPS school or program, DCPS refused to assist her. Moreover, and most importantly, the parent never withdrew K.M. from IDEA PCS. *Id*. Thus, the time-lines, with regards to testing, were never voided. This Court should find that hearing officer's September 2006 HOD contained sound reasoning and thus should not be overturned.

## III. CONCLUSION

The Defendant respectfully request that the Court enter an order granting the Defendant's Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment. In addition, the Defendants' request that they be found the prevailing party for purposes of attorney fees and further granted fees in connection with defending this suit.

Respectfully submitted,

_____/s/_____
Roxanne D. Neloms [478157]
Domiento C.R. Hill [MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IDEA PUBLIC CHARTER SCHOOL, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUELLA S. MCKINLEY, | ) | Civil Action No: 1:06-01916(EGS) |
| as next friend of the minor child | ) | |
| M.K. | ) | |
|     Defendants. | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS.**

1. Paragraphs 1-10 are not disputed. However, K.M.'s treatment ended October 24, 2005.

2. Paragraph 11 is in dispute. The parent requested and provided consent for evaluations and informed IDEA PCS that the request did not intend to restart/relieve the time-lines that had been in effect, nor did the request waive the parent's rights to evaluations that should have been completed prior to the request. ***See AR at 61-70.***

3. Paragraph 12 is in dispute. The letters represent communications between the parties of available dates, not scheduled dates of meetings. ***See AR at 176, 178, 182, 184.***

4. Paragraphs 13-15 are not in dispute.

5. Paragraphs 16-18 are disputed. The Plaintiffs dispute that IDEA PCS began the evaluation process in January. Furthermore, the parent provided copies of the PIW discharge documents along with an October 2005 letter requesting home instruction. ***See AR at 73-78.***

6. Paragraphs 18-22 are not in dispute.

1

                                Respectfully submitted,

                                /s/
                            Roxanne D. Neloms [478157]
                            Domiento C.R. Hill [ MD14793]
                            Brown & Associates, PLLC
                            1220 L. Street, NW, Suite 700
                            Washington, DC 20005
                            (202)742-2000 (Tele.)
                            Counsels for Defendants