UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTEGRATED DESIGN AND ELECTRONICS : <br> ACADEMY PUBLIC CHARTER SCHOOL : <br> Plaintiff, : <br> : <br> v. : <br> : <br> Consuella S. McKinley, as the next of : <br> Friend of the minor child, K.M., et al., : <br> : <br> Defendant. : <br> _____: | Civil Action No. 06-1916 <br> (EGS) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY AND RESPONSE OUT OF TIME**

Plaintiff, Integrated Design and Electronics Academy Public Charter School ("IDEA-PCS"), through counsel, files this Motion for Leave to file its Reply to Defendant's Opposition to its motion for summary judgment and its Response to Defendant's cross motion for summary judgment out of time by one day. As reasons for such motion the Plaintiff would state:

1.  That pursuant to the Order of this Court, the Reply and Response in this action was to be filed on or before November 5, 2007;

2.  That because of Plaintiff's counsel being out of town on Thursday and Friday of the past week to attend a funeral in Florida, he was unable to address with coworkers and finalize this matter until his return to his office on Monday and today;

3.  Efforts to contact responsible counsel for the Defendant were unsuccessful; and

4.  No harm or prejudice will be suffered by the Defendant if this motion were to be granted.

1

A memorandum in support, a proposed order and the Reply and Response are included herewith.

        Respectfully submitted,
Law Office of Squire Padgett

_____/s/_____
Squire Padgett # 206128
Lathal Ponder # 434951
1111 14th Street N.W.
Suite 820
Washington, D.C. 20005
(202) 216-4980
(202) 216-4986  fax

**Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTEGRATED DESIGN AND ELECTRONICS : <br> ACADEMY PUBLIC CHARTER SCHOOL : <br>       Plaintiff,                  : <br>                                 : <br>      v.                          : <br>                                 : <br> Consuella S. McKinley, as the next of : <br> Friend of the minor child, K.M., et al., : <br>                                 : <br>       Defendant.        : <br> _____: | Civil Action No. 06-1916 <br> (EGS) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE REPLY AND RESPONSE OUT OF TIME**

      Plaintiff, Integrated Design and Electronics Academy Public Charter School ("IDEA-PCS"), files this Memorandum in support of its Motion and repeats the statements and reasons stated as if set forth herein.

                                                        Respectfully submitted,
                                                        Law Office of Squire Padgett

                                                        _____/s/_____
                                                        Squire Padgett # 206128
                                                        Lathal Ponder # 434951
                                                        1111 14th Street N.W.
                                                        Suite 820
                                                        Washington, D.C. 20005
                                                        (202) 216-4980
                                                        (202) 216-4986  fax

                                                        **Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INTEGRATED DESIGN AND ELECTRONICS** : <br> **ACADEMY PUBLIC CHARTER SCHOOL** : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **Consuella S. McKinley, as the next of** : <br> **Friend of the minor child, K.M., et al.,** : <br> : <br> **Defendant.** : <br> _____: | Civil Action No. 06-1916 <br> (EGS) |

## **ORDER**

The Court having received and reviewed the Motion and Memorandum for Leave to file out of time by the Plaintiff Integrated Design and Electronics Academy Public Charter School ("IDEA-PCS"), the response thereto and the entire record in this matter, the Motion is GRANTED and the attached Reply and Response shall be accepted as filed in this matter.

November      , 2007                           _____
                                                United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTEGRATED DESIGN AND ELECTRONICS : ACADEMY PUBLIC CHARTER SCHOOL : Plaintiff, : : v. : : Consuella S. McKinley, as the next of : Friend of the minor child, K.M., et al., : : Defendant. : _____: | Civil Action No. 06-1916 (EGS) |

**PLAINTIFF INTERGRATED DESIGN AND ELECTRONICS ACADEMY PUBLIC CHARTER SCHOOL'S REPLY TO DEFENDANT'S OPPOSITION AND PLAINTIFF'S**
<u>**RESPONSE TO DEFENDANTS CROSS MOTION FOR SUMMARYJUDGMENT**</u>

**I.   <u>Introduction</u>**

The Complaint in this matter is based on an erroneous finding and decision by the Hearing Officer from a due process hearing contending that the Integrated Design and Electronics Academy Public Charter School ("IDEA-PCS") and District of Columbia Public Schools ("DCPS") had denied the subject student a free appropriate public education ("FAPE") in accordance with the provisions of Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq. ("IDEIA").  After the September 29, 2006 hearing, the Hearing Officer concluded that:

> IDEAPCS's process in this matter was inappropriate and amounted to a Denial of FAPE because it was clear that the Parent had exercised her right to have the student evaluated for special education services on January 10, 2006 notwithstanding any possible MDT decision.

From the Final Administrative Decision IDEA-PCS has filed this appeal under 20 U.S.C. § 1415(i)(2)(A) seeking review of that decision and hereby move this Court for

the entry of summary judgment and relief from that administrative decision. The Defendant filed opposition and cross-moved for summary judgment on October 5, 2007. Plaintiff's reply to Defendant's opposition and Plaintiff's response to Defendant's cross motion follows below.

## II.     Reply to Defendant's Opposition

The hearing officer erred in determining that the Plaintiff denied K.M. a free and appropriate education under the IDEA. 20 U.S.C. 1400 et seq.

The hearing officer erred in finding that the January 10, 2006 letter from Counsel for the Parent to IDEA PCS started the 120-day timeline for evaluations. According to the regulations, "The definition of consent requires a parent to be fully informed of all information relevant to the activity for which consent is sought. The definition also requires a parent to agree in writing to an activity for which consent is sought." Federal Register, Vol. 71, No. 156, at 46551, 34 C.F.R. §300.9 (2006). Further, Section 300.503 requires that prior written notice be provided to parents before the initial evaluation, which will explain, among other things,

> "why the agency is proposing to conduct the evaluation; a description of each evaluation procedure, assessment, record, or report the agency used as a basis for proposing to conduct the evaluation; and sources for the parent to contact to obtain assistance in understanding the provisions under the Act. Fed. Register, Vol. 71, No. 156, at 46630. *See also* 34 C.F.R. § 300.503.

The hearing officer concluded that "An MDT meeting is not required to proceed with an evaluation of a student if a parent has made clear the decision to evaluate a student for special education services." *A.R. p. 8.* Based on that conclusion, the hearing officer determined that, "But for the Parent having made clear by her attorney's January 10, 2006 letter to IDEA PCS her decision to have the student evaluated for special

education, IDEA PCS's process would have been appropriate." *AR p. 8*. This conclusion is incorrect.

The District of Columbia Public School's Consent for Evaluation form, which the parent of K.M. signed on March 6, 2006, shows what the parent must be informed of, before that parent can give consent that qualifies as both "informed and in writing." 34 C.F.R. § 300.9 (2006). Specifically, the consent form states that, "**As a result of the review of the screening information at the MDT meeting** on March 6, 2006, it was determined that your child, K.M., is in need of a full and individual evaluation to assist us in developing the most appropriate educational program." *A.R. p. 192*. The form clearly shows that an MDT meeting is both required and necessary before an initial evaluation may be ordered. Therefore, the hearing officer erred in determining that an MDT meeting was unnecessary.

The Special Education Coordinator ("SEC") at IDEA PCS testified that Mental Health Resources ("MHR") informed her that the DCPS consent form, signed by the parent on December 16, 2005, was "unacceptable." *A.R. p. 6*. The SEC testified that MHR required consent and authorization for the evaluation to come from IDEA PCS. *A.R. p. 6*. The SEC made further attempts to cure the defective consent form. *A.R. 6*. After MHR, the assessor, found the consent form defective, it was determined that the parent would be asked to sign a consent form to evaluate the student for special education services at the MDT/SEP meeting. *A.R. p. 6*. Thereafter, IDEA-PCS made numerous and continuous attempts to hold a multi-discipline team (MDT) to discuss information regarding the student, obtain the parent's informed consent, review any documents

7

pertaining to the student and determine if the student needed evaluations and if so, which evaluations. *AR, p. 176, 178,182, 184.*

The hearing officer erred in determining that the parental request begins the time-line for evaluation and eligibility determinations. The parent's request for evaluations was not informed, written consent as required by the regulations. 34 C.F.R. § 300.9 (2006). Moreover, the initial consent form signed by the parent in December 2005, was found to be defective, by MHR. IDEA PCS made reasonable efforts to obtain the informed, written consent of the mother of K.M., consistent with its obligations under the IDEA.

The hearing officer also erred in disregarding the parent's obstruction of the evaluation process. The regulations provide that the timeframe to complete the initial evaluation does not apply to the public agency if "the parent of the child repeatedly fails or refuses to produce the child for the evaluation." 34 C.F.R. § 300.301. The regulations do not define "repeatedly fails" or "refuses to produce", because "the meaning of these phrases will vary depending on the specific circumstances in each case." Federal Register Vol. 71, No. 156, at 46638, *See* 34 C.F.R. 300.301. The regulations state that, "situations in which a parent fails to keep scheduled appointments when a public agency repeatedly schedules the evaluation to accommodate the parent's schedule would be treated differently than situations in which a public agency makes no attempt to accommodate a parent's schedule." Id. The regulations also noted that "repeated cancellations or appointments or repeated failures to produce the child for an evaluation are costly in terms of staff time and effort." Id.

8

IDEA PCS made numerous attempts to accommodate the parent's schedule, offering multiple dates and times for the MDT meeting to take place. *A.R. p. 155, 176, 178.* The record is replete with examples of the Student's Parent's lack of cooperation and failure to produce her daughter for the scheduled meetings with IDEA-PCS. *A.R. p. 155, 176, 178, 182, 184.* IDEA-PCS began the process to see whether the petitioner needed special education services in January 2006. *A.R. p. 59.* In that effort, the principal asked teachers to draft letters to the special education department regarding K.M. *A.R. p. 93-100.* Then, IDEA-PCS made numerous attempts to hold a multi-discipline team meeting to determine with the team whether the petitioner needed testing and what areas to test. See *AR, p. 155, 176, 178, 182, 184.* Although, the Student's representatives clearly attempted to further delay the process, on March 6, 2006 IDEA-PCS finally convened the MDT meeting, the necessary consent form was signed, and it was determined that K.M. would be evaluated.

### III.    Response to Defendant's Cross-Motion for Summary Judgment

Defendant in this matter as stated that there are disputes as to the material facts regarding "claims made by IDEA that they attempted to schedule evaluations or meetings and/or that the parent failed to cooperate." *See* Petitioner's Response to IDEA Public Charter School's Motion to Dismiss, p. 2. The Defendant admitted that these are "factual disputes most appropriately addressed at a hearing." *Id.* In light of this admission, and along with the support with which IDEA PCS proves that the parent of K.M. repeatedly failed and/or refused to produce the child for evaluations, the defendants' motion for summary judgment should be dismissed. While IDEA PCS contends that there are no material facts in dispute as to IDEA PCS, repeated efforts to evaluate K.M. and the

9

parents repeated failure to produce the child for evaluations, the defendant's admission that they believe there is a factual dispute, is sufficient to deny the defendant's cross motion for summary judgment.

Further, the plaintiff did not violate the "Child Find" provisions of the IDEIA. Following, K.M.'s attempted suicide at IDEA PCS, her attending psychiatrist, recommended home instruction for K.M. through Visiting Instruction Service. IDEA PCS immediately informed the parent that the charter school was not structured to provide home instruction to any student who is absent due to a long-term medical condition. *A.R. p. 5, 73.* IDEA PCS created homework packets for K.M., requiring her to finish assignments within two weeks and communicate with her teachers through the school's website. *A.R. p. 155.* IDEA PCS identified K.M. as a candidate for special education services. Any failure to evaluate K.M. in a timely manner was the fault of the parent for missing scheduled appointment, and refusing to produce the child for evaluations. The hearing officer did not find that IDEA PCS violated the "child find" provisions of the IDEIA, nor should this court.

## IV. CONCLUSION

IDEA-PCS believes that the Record in this matter establishes that the Hearing Officer's Decision must be reversed, with a finding that IDEA-PCS did in fact make a timely effort to evaluate the Petitioner which was continually obstructed by her Mother; and that there was no denial of the Petitioner receiving a free, appropriate public education by IDEA-PCS.

          Respectfully submitted,

          Law Office of Squire Padgett

          _____/s/_____

          Squire Padgett # 206128
          Lathal Ponder # 434951
          1111 14th Street N.W.
          Suite 820
          Washington, D.C. 20005
          (202) 216-4980
          (202) 216-4986  fax

          **Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Motion for Leave to File Out of Time, Reply and Response to Defendants Cross Motion for Summary Judgment was sent by U.S. Mail, postage prepaid on November 6, 2007 and addressed to

Roxanne D. Neloms, Esq.
Domiento C.R. Hill, Esq.
**Brown & Associates, PLLP**
1220 L Street, N.W., Suite 700
Washington, DC 20005

_____/s/_____
Squire Padgett