IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IDEA PUBLIC CHARTER SCHOOL ) | | |
|       Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| CONSUELLA S. MCKINLEY, ) | Civil Action No: 1:06-01916(EGS) | |
| as next friend of the minor child ) | | |
| M.K. ) | | |
|       Defendants. ) | | |
| ) | | |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION AND DEFENDANTS' RESPONSE TO THE PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Defendants' by and through counsels, Roxanne D. Neloms and Domiento C.R. Hill and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Plaintiff, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

                                                      Respectfully submitted,

                                                      /s/
                                                Roxanne D. Neloms [478157]
                                                Domiento C.R. Hill [ MD14793]
                                                Brown & Associates, PLLC
                                                1220 L. Street, NW, Suite 700
                                                Washington, DC 20005
                                                (202)742-2000 (Tele.)
                                                Counsels for Defendants

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IDEA PUBLIC CHARTER SCHOOL )  | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| CONSUELLA S. MCKINLEY, ) | Civil Action No: 1:06-01916(EGS) | |
| as next friend of the minor child ) | | |
| M.K. ) | | |
|     Defendants. ) | | |
| ) | | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS REPLY TO THE PLAINTIFF'S OPPOSITION AND DEFENDANTS' RESPONSE TO THE PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Defendants, by and through their attorneys Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown & Associates, PLLC, and in their Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Plaintiff's Motion for Summary Judgment respectfully represent unto this Honorable Court as follows:

**I. INTRODUCTION**

The Plaintiff's alleged that the September 2006 Hearing Officer's Determination should be reversed because the Hearing Officer erred in determining that written parental consent begins the evaluation time-line, the Plaintiff further argues that the parent delayed and frustrated the process.  The Plaintiff has failed to shoulder its burden in this matter and has failed to establish reasons that would support a reversal of the September 2006 HOD.  For the reasons set forth in the Defendants' previous and current motions, this Honorable Court should grant the Defendant's Motion for Summary Judgement and deny the Plaintiff's Cross Motion for Summary Judgment.

## II. ARGUMENT

The Plaintiff continues to assert that the time-line for evaluations begin when the MDT has had an opportunity to meet on the suspected disabled child behalf. Moreover, the Plaintiff continues to maintain that the parent's consent was not informed because she did not attend an MDT meeting. The Defendant asserts that written parental consent begins the time-line for evaluations and "informed" consent can be provided by someone other than the public agency.

### A. PARENT'S CONSENT WAS INFORMED AND NOT DEFECTIVE.

The Plaintiff argues that the parent's January 10, 2006 letter requesting comprehensive evaluations contained a signed consent form that lacked "informed" consent and was in effect, defective. *See Ar at 158;192.* The arguments set forth by the Plaintiff are at best disingenuous and amount to a misrepresentation of the law. A cursory reading of the January 2006 letter and signed consent form reveal documents peppered with information informing the parent as to what she is providing consent for. As for the argument of a defective consent form, the consent forms signed by the parent in January 2006 and March 2006 are identical. *See Ar at 156–158;192.* More notably, the Plaintiff failed to identify the fatal defect that would have prevented the parent from requesting initial evaluations.

### B. IDEA NEVER MADE NUMEROUS AND CONTINUOUS ATTEMPTS TO HOLD A MDT MEETING OR EVALUATE K.M.

For the umpteenth time the Plaintiff asserts that the parent failed to produce K.M. for evaluations and/or meetings. Counsel's representation that the parent never made her daughter available is unsupported by the record and as a result this Court should find that the parent did not interfere or delay the evaluation process. Again, the September 2006 Hearing Officer's Determination noted that on "cross examination the Psychologist testified that she did not speak

directly to either the educational advocate or the Parent and that she did not send anything in writing to anyone concerning evaluating the student for special education services. *See AR at 7.* Here is where the Plaintiff's reliance of 34 C.F.R. 300.503[1] kicks in, the agency must issue a prior written notice of its intent to evaluate, along with that notice attaches an obligation of IDEA informing the parent of when it intended to evaluate K.M. and what evaluations it intended to administer. Certainly, if the evaluator had complied with this provision the parent would have made her daughter available. As opposing counsel should recall, K.M. had been instructed to receive home instruction and at no time had the parent failed to produce her child. If IDEA wanted to evaluate K.M., it could have, she was readily available at home. As the September 2006 HOD noted, "IDEA PCS and/or MHR did not attempt to evaluate the student for special education services until April 24, 2006 and, thereafter, not before June 21, 2006. *See AR at 8.*

The Plaintiff further argues that the administrative record at pages 176,178,182, & 184, detail the numerous times the parent failed to assist in the process. It is certainly amazing how the Plaintiff discounts that the above referenced pages refer to one meeting and its subsequent cancellation and rescheduling by *both parties*. *See AR at 176,178,182, 184*. The meeting had been initially scheduled for February 2, 2006, the educational advocate contacted the school and canceled the meeting. In the interim, the educational advocate offered several dates to reconvene and had to cancel a second time. The team finally met on March 6, 2006.

---

[1] 34 C.F.R. 300.503 [w]ritten notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the public agency proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to a child.

Nonetheless, K.M. did not need to attend a MDT meeting to have evaluations completed, as the attempts to take her own life dictated which evaluations were necessary.

### III. CONCLUSION

The Defendant respectfully request that the Court enter an order granting the Defendant's Motion for Summary Judgment and denying the Plaintiff's Motion for Summary Judgment. In addition, the Defendants' request that they be found the prevailing party for purposes of attorney fees and further granted fees in connection with defending this suit.

Respectfully submitted,

/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [MD14793]
Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsels for Defendants