**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IDEA PUBLIC CHARTER SCHOOL** **Plaintiff** | ) | |
| **v.** | ) | |
| **CONSUELLA S. MCKINLEY, as next friend of the minor child M.K.** **Defendants.** | ) | **Civil Action No: 1:06-01916(EGS)** |

**DEFENDANTS' REQUEST FOR REIMBURSEMENT OF REASONABLE ATTORNEY FEES AND COSTS.**

COMES NOW, the Defendants, by and through their attorney, Roxanne D. Neloms and Domiento C.R. Hill of James E. Brown and Associates, in their Memorandum to Support Their Request for an Award of Reasonable Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

## I. INTRODUCTION

On August 8, 2008 this issued its Memorandum Opinion denying the Plaintiff's Motion for Summary Judgment and granting the Defendants' Motion for Summary Judgment and subsequently finding that the Defendants prevailed as a matter of law and are entitled to reimbursement of reasonable attorneys fees. In addition, the Defendants are attaching the invoices and affidavits to support its application for fees.

## II. FEES REQUESTED ARE REASONABLE.

The Defendants submit that the fees set forth in both the November 22, 2006 and August 2008 invoice are reasonable. The prevailing party shoulders the burden of providing the Court with sufficient evidence to support its request for reasonable fees. That burden, however is

satisfied with the "submission of [invoices] sufficiently detailed to allow a judicial determination of whether the hours claimed are justified." See *Holbrook v. Dist. of Columbia,* 305 F. Supp. 2d 41, 45 (D.D.C. 2004)(quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1323 (D.C. Cir. 1982). "The invoices 'need not present the exact number of minutes nor the precise activity to which each hour was devoted to the specific attainments of each attorney. See *Lax v. Dist. of Columbia*, 46 IDELR 37, (D.D.C. 2006)(quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1323 (D.C. Cir. 1982).

Then "the burden of proceeding [then] shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state, for example, that the hours claimed are excessive and the rates submitted to high." *Id.* The Defendant believe that invoices submitted contain sufficient detail to aid the Court in determining whether the fees requested are reasonable.

**III. <u>THE *LAFFEY* MATRIX SHOULD BE USED TO DETERMINE THE REASONABLENESS OF REIMBURSEMENT OF ATTORNEY FEES</u>.**

The Defendants believe that the "[t]he *Laffey* Matrix is applicable in this matter, as it was intended to be used in cases that rely on fee-shifting statutes. The Defendants do not object to this Court awarding fees pursuant to their applications, notwithstanding the fact that the fees charged per hour by the attorneys, $365.00, is the rate normally charged to paying clients.

This Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for attorneys of comparable skill,

experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004). "The prevailing market rate can be determined by reference to the so-called Laffey matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984).

In support of the Defendants' fee application, counsel has attached information regarding Roxanne D. Neloms, Roberta Gambale's, and Tilman L. Gerald reputation in the community. ***See Exhibits 1, 2, & 3.*** As each attorney listed has the required qualifications, experience, and skills, this Court should award fees in connection with the *Laffey* matrix.

**IV. DEFENDANTS' HOURLY RATES ARE CONSISTENT WITH THE RATES PREVAILING IN THE COMMUNITY.**

Reasonable fees are determined by multiplying the number of reasonable hours by the reasonable rates per hour, in order to arrive at the lodestar figure. *Hensley v. Eckerhard*, 461 U.S. 424 (1983); *Blum v. Stevenson*, 465 U.S. 866 (1984). Applicable hourly rates are those market rates applicable in the community. *Id. at Hensley*, 461 U.S. 424. Counsel for the Defendants hourly rates are set forth in an affidavit, attached to this motion and are consistent with the market rates in this community for special education cases. Counsel for the Defendants are also required to exercise "billing judgment" and document the time expended. The attached affidavits and invoices of fees and cost contained information specific work for which reimbursement is sought. In addition the fees sought are customary fees that are charged for like work. In support of the reasonable fee requested, counsel for the Defendants have attached

notarized affidavits and invoices for fees and costs, which are reasonable in terms of time expended and rates sought in this matter.

## V. DEFENDANTS' ATTORNEY TIME AND EXPENSES ARE REASONABLE AND WERE NECESSARY TO OBTAIN SUCCESSFUL RESULTS.

The amount of time expended in prosecuting and defending this matter is reasonable in light of the fact that this action was initiated on behalf of the student's and his parent and at the administrative level, the Defendants were successful. In addition, the time expended at the District Court level was necessary for success. ***See attached Exhibits 4 & 5***. The time expended at the at that level was reasonable as well. Thus, the fees and costs sought include reasonable attorney time, billed at reasonable rates and expenses include copying, facsimile and postage charges. ***Id.*** The time and expenses of the attorneys involved are not excessive and were necessary to obtain favorable outcomes at the administrative and District Court levels. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d 1319 (D.C. Cir. 1992)("the burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduces or denied. . . .[A]n opposing party does not meet his burden merely by asserting broad challenges to the application, it is not enough for an opposing party to state , for example, that the hours claimed are excessive and the rates submitted to high." As the billing rates are those that are consistent with the prevailing market rates and, in some instances, lower than what is afforded from the *Laffey Matrix,* the Defendants submit that their fees for reimbursement are reasonable.

## VI. THE DISTRICT OF COLUMBIA APPROPRIATIONS BILL DOES NOT APPLY TO CHARTER SCHOOLS

The Defendants submit that the D.C. Appropriations Act ("The Act"), which caps attorney fees in matters against the District of Columbia Public School System does not apply to

the case at bar. The application thereof has already been decided in the *Dist. of Columbia v. R.R., et al*, 44 IDELR 184 (D.D.C. 2005), where the Court stated that "[w]hen Congress wants to use an appropriations act to limit court authority, it knows how to precisely how to do so." (quoting *Calloway v. Dist. of Columbia*, 342 U.S. App. D.C. 110, 216 F. 3d 1 (D.C. Cir. 2000). Thus, "[t]he plain meaning of the statute indicates that the fee cap applies only in actions brought against the District of Columbia. *Id*. at *R.R*., et al. Based on the foregoing, the Courts have no authority to apply the District of Columbia Appropriations Act to charter schools and so the Defendants request that the Plaintiffs be ordered to reimburse the Defendants in the amount of $15, 100.64.

## VII. CONCLUSION

Based on the foregoing, the Defendants respectfully request this Court to award them reimbursement of reasonable attorneys fees and costs at the administrative and in connection of the litigation of this suit in the amount of $15, 100.64.

Respectfully Submitted,

/s/

Roxanne D. Neloms[478157]
Domeinto C.R. Hill [MD14796]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorneys for the Defendants***

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IDEA PUBLIC CHARTER SCHOOL** **Plaintiff** | ) | |
| **v.** | ) | |
| **CONSUELLA S. MCKINLEY, as next friend of the minor child M.K.** **Defendants.** | ) | **Civil Action No: 1:06-01916(EGS)** |

**AFFIDAVIT OF ROXANNE D. NELOMS**

I, Roxanne D. Neloms, first being duly sworn under oath and deposes and states as follows:

1. That I am admitted to the District of Columbia having been admitted in May 2002.

2. That I have practiced in the area of special education law since 2003 and have handled and participated in the litigation of over 250 cases in that span of time.

3. That from time to time I have taken continuing legal education courses in this area to stay abreast of new developments and cases in special education as well.

4. That my hourly rates for work that I performed during the years of August 2007 through August 2008, was Two Hundred and Seventy Dollars ($270.00) per hour.

5. That from September 2001 to September 2003, I clerked for the Honorable William P. Greene at the United States Court for Veteran Appeals, where I was responsible for drafting memorandum decisions and etc.

ROXANNE D. NELOMS

DATED: August 22nd, 2008

Subscribed and sworn before me this 22nd of August 2008.

Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

# Exhibit 2

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IDEA PUBLIC CHARTER SCHOOL** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CONSUELLA S. MCKINLEY,** | ) | **Civil Action No: 1:06-01916(EGS)** |
| **as next friend of the minor child** | ) | |
| **M.K.** | ) | |
| **Defendants.** | ) | |
| | ) | |

**AFFIDAVIT OF DOMIENTO C.R. HILL**

I, Domiento C.R. Hill , first being duly sworn under oath and deposes and states as follows:

1. That I am the managing partner at James E. Brown & Associates, PLLC and I submit this Declaration to support the Defendants' Request for Attorney Fees and Cost in the above captioned matter.

2. That Robert Gambale is admitted to the bars of Washington State and the District of Columbia, having been admitted in 1996 and 2002, respectively.

3. That she has practiced in the area of special education law since 2001 and have handled over 1,200 cases in that span of time.

4. That she has represented many clients who are low income families and sought legal representation for their special needs children.

5. That from time to time she have taken continuing legal education courses in this area to stay abreast of new developments and cases in special education as well.

6. That she is one of the attorneys who worked on the case presented in this appeal and that her hourly rate for work performed during that time period, was three hundred and sixty five dollars per hour ($365.00). This rate is less than allotted on the *Laffey Matrix*.

7. That from May 1996 until May 1999 she was employed by the law firm of Donald D. Cook in Seattle, WA and from May 1999 until July of 2001, she was employed by the law firms of McClure and Associates in Seattle, WA. At both firms she worked primarily in the areas of family law but also handled bankruptcy cases, and general civil cases and criminal defense litigation.

8. That I am further familiar with the prevailing market rates for legal services in the Washington DC area that are charged to paying clients and that our rates are well within the range of prevailing rates in the District of Columbia market for special education and related legal matters.

9. I am familiar with the statement of services for which reimbursement of attorney fees are claimed, and believe they are accurate and reasonable for the time billed. I believe that the said attorney exercised reasonable and prudent billing judgment for the time she billed respectively and in my judgment does not include any time for unrelated or unnecessary matters. I further believe that they endeavored to avoid any unnecessary duplication of work.

10. Throughout the representation of the Defendants in this matter, my firm has attempted to represent the interest of the Defendants to the fullest and most efficient way possible.

[signature to follow]



DOMIENTO C.R. HILL

DATED: Aug 22, 2008

Subscribed and sworn before me this 22nd, August 2008.

Notary Public

**Kelly Dau**
Notary Public, District of Columbia
My Commission Expires 1-1-2010

# Exhibit 3

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IDEA PUBLIC CHARTER SCHOOL** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CONSUELLA S. MCKINLEY,** | ) | **Civil Action No: 1:06-01916(EGS)** |
| **as next friend of the minor child** | ) | |
| **M.K.** | ) | |
| **Defendants.** | ) | |
| | ) | |

**AFFIDAVIT OF DOMIENTO C.R. HILL**

I, Domiento C.R. Hill , first being duly sworn under oath and deposes and states as follows:

1. That I am the managing partner at James E. Brown & Associates, PLLC and I submit this Declaration to support the Defendants' Request for Attorney Fees and Cost in the above captioned matter.

1. That Tilman L. Gerald represented the Defendants in the captioned matter and submit this affidavit in support of the claim for attorneys fee between the dates of January 2007 through June 2007.

2. That he received a Bachelor's of Arts Degree in Business Administration/Marketing Howard University in 1969 and is a 1975 graduate of the Howard University School of Law. He is also a member of the bar of the District of Columbia and admitted to practice in the Superior Court of the District of Columbia, the United States District Courts for the District of Columbia and the State of Maryland, as well as the Courts of Appeals for those respective circuits.

3. He has been engaged in the practice of law since 1977 having maintained a civil practice

before this Court and the United States District Court for the District of Columbia, handling a variety of civil matters, including but not limited to real estate transactions and litigation, domestic relations, personal injury, corporate matters.

4. That I am familiar with the prevailing market rates for legal services in the Washington, D.C. area. The rate he charged the Defendants per hour, $365.00, which was a reduced rate fees, as per the *Laffey Matrix* for the years 2006-2007, he was allowed to bill at a rate of $405.00 per hour.

5. That he have maintained records of the time he has expended on this matter and further maintained an itemization of the time expended as to date, time and a description of the task/service performed.

6. That the services/tasks for which compensation is sought were necessary to the successful pursuit of Defendants' case.

7. He exercised reasonable judgment in billing when he initially recorded his time and did not bill for anything which, in his judgment, was unrelated to the interests of the Defendants or unnecessary to further interest of the Defendants.

8. Throughout this proceeding, he endeavored to represent the interest of the Defendants in the fullest and most efficient way(s) possible. The attorneys fees sought on behalf of the Defendants and the time represented thereby are in all respects reasonable and were necessarily expended in furtherance of Defendants case.

I declare, under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.



DOMIENTO C.R. HILL

DATED: Aug 22, 2008

Subscribed and sworn before me this 22nd, August 2008.

Notary Public

Kelly Dau
Notary Public, District of Columbia
My Commission Expires 1-1-2010

# Exhibit 4

# Fee Application Under The Individuals With Disabilities Education Act For Parents Who Prevailed Against A District Of Columbia Public Charter Schools

**Attorney Information**

| | |
|---|---|
| Law Firm | James E. Brown & Associates, PLLC |
| Attorney | James E. Brown |
| Attorney's Federal Tax ID No. | 52-1500760 |
| D.C. Bar No. | 61622 |

**Student Information**

| | |
|---|---|
| Student | Katrice McKinley |
| Date of Birth | 4/15/90 |
| Date of Request for Hearing | 7/19/06 |
| | Month / Day / Year |
| Parent/Guardian | Consuella S. McKinley |
| Address | 4202 Fort Dupont St., SE |
| | Washington, DC 20020 |
| Current School | IDEA PCS |
| Home School | Anacostia SHS |

**Payment Information**

| | |
|---|---|
| Attorneys' Invoice # | 06-007C |
| Date of Payment Request | 11/7/06 |
| Payment Request No. | 1 |
| Date Services Rendered | 1/4/06 - 9/22/06 |
| Current Payment Request | $8,000.89 |

**MAKE PAYMENT TO:** *LAW OFFICE OF JAMES E. BROWN*: **FOR:** $8,000.89

# District of Columbia Public Schools

*State Enforcement and Investigation Division*

***confidential***

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

2006 SEP 29 PM 3:06
DC PUBLIC SCHOOLS SYSTEM

**In the Matter of**

**KATRICE McKINLEY**, student
Date of Birth: April 15, 1990
Home School: Anacostia Sr. High School,
Attending: IDEA Public Charter School,

Petitioner

versus

**IDEA Public Charter School,**

Respondent.

**IMPARTIAL DUE PROCESS HEARING**

**DECISION & ORDER**

Request Date: July 19, 2006
Hearing Date: September 22, 2006

Held at: 825 North Capitol Street, NE
Eighth Floor, Hearing Room 1
Washington, D.C. 20002

**Parent:** Consuella S. Mc Kinley
4202 Fort Dupont Street, SE
Washington, D.C. 20020

**Counsel for the Parent/Student:** Roberta L. Gambale, Esq.
**JAMES E. BROWN & Associates**
1220 L Street, NW Suite 700
Washington, D.C. 20005

**Counsel for the IDEA Pub. Chr. School:** William E. Houston, Esq.
**Dalton, Dalton & Houston, P.C.**
1008 Pendleton Street
Alexandria, Virginia 22314-1837

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

**INDEX of NAMES for Katrice McKinley**
**Hearing Date:** September 22, 2006

Appearing on behalf of the parent/student:

1. Consuella S. McKinley, mother *

Appearing on behalf of IDEA Public Charter School:

1. Charlotte Blount-Lewis, Principal, IDEA Public Charter School **
2. Portia Deal, Special Education Coordinator, IDEA Pub. Charter School **
3. Kellie McCants, Ph.D., Psychologist, Mental Health Resources **

* Gave testimony.
** Gave testimony via telephone.

## INTRODUCTION

On July 19, 2006, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the Integrated Design & Electronics Academy Public Charter School (IDEAPCS), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of IDEAPCS to evaluate the student for special education services within 120 days and, for relief, requested independent clinical psychological, psycho-educational and speech/language evaluations, a social history and an MDT meeting.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Friday, September 22, 2006, at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

**ISSUES:**

1. **Did IDEAPCS fail to evaluate the student for special education services within the legally mandated 120-day timeline?**

2. **Was the Parent entitled to independent evaluations?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated September 15, 2006, the parent disclosed 5 witnesses and 19 documents.

By facsimile dated September 15, 2006, IDEAPCS disclosed 13 witnesses and 24 documents.

The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent represented that the 10th grade student attended IDEAPCS and on October 17, 2005 made an attempt at suicide that the resulted in hospitalized at the Psychiatric Institute of Washington (PIW). Counsel for the Parent further represented that upon release from PIW on October 24, 2006 the attending psychiatrist recommended home instruction, Parent Document No 14, and that the Parent made requests to IDEAPCS to provide home instruction that were denied; that the Parent attempted to enroll the student at Anacostia Senior High School, DCPS, but was refused admittance without the student first withdrawing from IDEAPCS. The student did not withdraw from IDEAPCS. Counsel for the Parent stated that a request to

evaluate the student for special educations services was made to IDEAPCS by her letter dated January 10, 2006, Parent Document No 12, and that an MDT/SEP meeting for the student convened on March 6, 2006, but that, to date, the student had not been evaluated. Counsel for the Parent further stated that the Parent had arranged for an independent psycho-educational evaluation of the student and requested reimbursement.

Counsel for IDEAPCS represented that evaluation of the student for special education services had been frustrated by the Parent's non-cooperation.

The Parent was ordered forward with the burden of proof.

The Parent testified that after the student was discharged from PIW, she requested home instruction from IDEAPCS and was informed that home instruction was not available from IDEAPCS; that she inquired of DCPS about home instruction and was informed that because the student was enrolled at IDEAPCS, its own LEA, DCPS would not provide any services. The Parent testified that IDEAPCS did provide homework packets but that the packets were inadequate without instruction; that the student remained at home as of date. The Parent testified that she had provided a copy of every medical evaluation/report in her possession to IDEAPCS, and that a social worker visited her home and completed the interview for a social history but that she had not heard anything about the social history since. The Parent testified that she and her advocate agreed to attend an MDT/SEP meeting for the student at IDEAPCS on February 1, 2006 only to be informed upon arrival that the meeting was scheduled for February 2, 2006. The Parent testified that she had not withdrawn the student from IDEAPCS, and that as late as January 13, 2006, Anacostia SHS had refused to enroll the student as non-attending because she had refused to withdraw the student from IDEAPCS. On cross-examination, the Parent testified that the Principal of IDEAPCS informed her by letter dated November 3, 2005, Parent Document No 15, that IDEAPCS could not provide home instruction; that by telephone on October 26, 2006, DCPS informed her that DCPS could not provide home instruction to non enrolled students. The Parent testified that no one called about evaluating the student other than for the social history, and that the PIW Discharge Summary, Parent Document No 16, was delivered to IDEAPCS during the March 6, 2006 SEP meeting. The Parent testified that she arranged independent evaluations of the student August 7-11, 2006.

The Parent rested.

Counsel for IDEAPCS moved for Directed Findings pointing out that the Complaint herein requested IDEAPCS to fund evaluations, which IDEAPCS agreed to do; that the Parent never requested independent evaluations at IDEAPCS expense. The motion was taken under advisement and IDEAPCS was ordered forward. Here, the IDEAPCS motion for Directed Findings was DENIED.

IDEAPCS moved forward.

Counsel for IDEAPCS represented that IDEAPCS attempted to work with the Parent; that by letter to the Parent dated January 10, 2006, IDEAPCS Document No 9, the Principal of IDEAPCS proposed a MDT/SEP meeting to discuss and determine whether the student should be evaluated for special education service. Counsel for IDEAPCS went on to represent that to schedule the MDT/SEP meeting, IDEAPCS sent letters on February 1, 2 & 13, 2006; that the MDT/SEP meeting convened on March 6, 2006 and concluded that the student should be evaluated for special education services.

The Principal of IDEAPCS testified via telephone that the student did not return to IDEAPCS after she was discharged from the hospital; that she informed the Parent that, as a

public charter school, IDEAPCS could not provide home instruction to the student. The Principal testified that by letter to the Parent dated January 10, 2006 she proposed three dates - January 31, 2005, February 1st or 2nd, 2006 - to meet with the Parent to discuss special education services for the student, IDEAPCS Document No 9 and that she heard nothing in response. The Principal testified that on March 6, 2006, a MDT/SEP meeting convened at IDEAPCS and decided to evaluate the student for special education services; that the evaluation was not completed because the Parent did not cooperate with the Psychologist. On cross-examination, the Principal testified that she did not propose any dates for scheduling or have anything to do with scheduling evaluation of the student for special education services.

*At the conclusion of the Principal's testimony and at the request of the Parent, the hearing was briefly recessed. When the hearing resumed, it was discovered that the official recording machine had recorded conversations between IDEAPCS staff and their attorney. The hearing officer determined the conversation protected by the attorney-client privilege and ordered that in the event a copy of the recording or a transcript of this hearing is requested, the Student Hearing Office, DCPS, is to assure that the conversation recorded during the recess is redacted from any copy or transcript.*

The Special Education Coordinator (SEC), IDEAPCS, testified that she coordinated efforts to evaluate the student for special education services and, when referred to IDEAPCS Document No 8, testified that the January 6, 2006 teacher comments were assemble for the early intervention team (EIT) that was to consider whether the student should be evaluated for special education services; that the EIT decided that the student should be evaluated for special education services, and that she reported the EIT decision to the administration and waited for instruction to proceed with the evaluation. The SEC testified that it was her report that prompted the Principal to send the January 10, 2006 letter to the Parent proposing three dated for the MDT/SEP meeting that eventually convened on March 6, 2006. The SEC testified that she sent the request to evaluate along with the signed DCPS Consent to Evaluate Form to Mental Health Resources (MHR) and was informed by MHR that the DCPS consent form was unacceptable; that the consent and authorization for the evaluation would have to come from IDEAPCS. The SEC testified that when she brought the MHR requirement to the attention of the Principal, the Principal noted that an MDT/SEP meeting for the student had not been convened. Referred to IDEAPCS Notice to Parent of Intent to Evaluate, IDEAPCS Document No 12, the SEC testified that she sent the document to MHR as an attempt to satisfy HMR's requirement for parental consent but noted that the Parent had not signed the document; that the Parent would be asked to sign a consent to evaluate the student for special education services at the MDT/SEP meeting. The SEC testified that of the three dates - January 31, 2005, February 1st or 2nd, 2006 - offered for a MDT/SEP meeting in the Principal's January 10, 2006 letter to the Parent, she agreed over the telephone with the educational advocate that the meeting was to convene at 10:30 A.M., on February 2, 2006; the educational advocate and Parent appeared at IDEACPS for the MDT/SEP meeting on February 1, 2006. A written confirmation for the February 2, 2006 MDT/SEP meeting was not sent either to the educational advocate or to the Parent. The February 2, 2006 meeting convened during which subsequent dates were proposed, IDEAPCS Document No 16. The MDT/SEP meeting convened on March 6, 2006 and determined to evaluate the student for special educations services. The SEC testified that the social history was completed but could not give the date completed; it was not available at the hearing. On cross-examination, the SEC testified that she received Counsel for the Parent's January 10, 2006 letter requesting evaluation

of the student for special education services; that the Parent never refused to sign a consent for evaluation form and that she did not attempt to have the Parent sign a consent for evaluation form other than during the March 6, 2006 MDT/SEP meeting. On redirect, the SEC testified that a student is not evaluated for special education services at just a request from a teacher or a parent; that, if during an MDT/SEP meeting the MDT decided against evaluation and the parent still wanted evaluation, the student would be evaluated.

The Psychologist, a consultant to MHR since July 2003, testified that the student was referred to her for evaluation for special education services either late January or early February 2006; that when she planned to evaluate the student in February, the Principal and SEC informed her that the Parent had to do something before the evaluation could proceed. The Psychologist testified that in an attempt to schedule an evaluation of the student she left a voice-mail with the educational advocate on April 24, 2006 that was not answered; that her next attempt to schedule an evaluation was on June 21, 2006 when she left a voice-mail with the Parent at work. The Parent replied by leaving a message at MHR with telephone numbers to contact her. The Psychologist testified that she left voice mail for the Parent at the end of June stating that she would be at IDEAPCS on July 11, 2006 and available to test the student. The Psychologist did not hear back from the Parent and left another voice-mail for the Parent on July 20, 2006; that the Parent replied with two return messages. The Psychologist testified that she left a voice-mail for the Parent on July 24, 2006 indicating July 25 & 27, 2006 as possible dates to evaluate the student and that she did not hear back from the Parent. On cross-examination, the Psychologist testified that she did not speak directly to either the educational advocate or the Parent and that she did not send anything in writing to anyone concerning evaluating the student for special education services.

IDEAPCS rested.

Argument.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

1. The student was psychiatrically hospitalized between October 17 - 24, 2006 and did not return to IDEAPCS upon discharge. The attending physician recommended home instruction for the student.

2. The parent requested IDEAPCS to provide home instruction to the student, and IDEAPCS replied that they could not provide home instruction. To secure home instruction, the Parent attempted to enroll the student at Anacostia SHS, DCPS, as non-attending, but Anacostia SHS refused to enroll the student until the student was redrawn from IDEAPCS. The Parent refused to withdraw the student from IDEAPCS.

3. The Counsel for the Parent requested IDEAPCS to evaluate the student for special education service by letter dated January 10, 2006, Parent Document No 12. The letter was accompanied by a DCPS Consent for Evaluation Form-Initial or Reevaluation- signed and dated by the Parent, December 16, 2005.

4. On March 6, 2006 IDEAPCS convened a MDT/SEP meeting for the student during which it was determined the student should be evaluated for special education services. In this matter, a MDT/SEP meeting was unnecessary. The evaluation had not been completed at the time of the hearing.

5. IDEAPCS and/or MHR did not attempt to evaluate the student for special education services until April 24, 2006 and, thereafter, not before June 21, 2006.

## DISCUSSION and CONCLUSIONS OF LAW

**LEAs are required to make FAPE available to all children with disabilities within the jurisdiction of the District of Columbia.**

*IDEIA 2004* requires all LEAs in the District of Columbia to evaluate every child suspected of having a disability within the jurisdiction of the District of Columbia, ages 3 through 21, determine eligibility for special education services and, if eligible, provide same through an appropriate IEP and Placement. Further, the evaluation and placement must be completed within 120 days of the referral for evaluation for special education services.

In this matter, the student was referred for evaluation for special education services by the January 10, 2006 letter from Counsel for the Parent to IDEAPCS stating that the Parent wanted the student evaluated; the 120-day timeline began January 10, 2006. If the parental consent was defective, the Parent should have been contacted directly and requested to sign appropriate consent forms.

An MDT meeting is not required to proceed with an evaluation of a student if a parent has made clear the decision to evaluate a student for special education services.

IDEAPCS had a process in place to evaluate students for special education services. Their process began on January 6, 2006 and entailed a meeting by the EIT to consider available documentation on the student. The EIT decided that the student should be evaluated for special education services and informed the Principal. The Principal authorized an MDT/SEP meeting to discuss and determined whether or not the student should be evaluated; the meeting convened on March 6, 2006. But for the Parent having made clear by her attorney's January 10, 2006 letter to IDEAPCS her decision to have the student evaluated for special education, IDEAPCS's process would have been appropriate. **IDEAPCS's process in this matter was inappropriate and amounted to a Denial of FAPE because it was clear that the Parent had exercised her right to have the student evaluated for special education services on January 10, 2006 notwithstanding any possible MDT decision.**

Evaluation of the student for special education services and placement should have been completed by May 10, 2006. The Parent is entitled to independent evaluations at IDEAPCS expense.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. According to Superintendent's Directive 530.6, IDEAPCS will fund independent clinical psychological, psycho-educational and speech/ language evaluations of the student. In event IDEAPCS does not deliver a copy of a current social history of the student to Counsel for the Parent within 10 days hereof, according to the said directive, IDEAPCS will also fund an independent social history of the student. Within 15 schooldays of receipt of the last evaluation report, IDEAPCS will convene an MDT/Eligibility/IEP/Placement meeting during which evaluations will be reviewed and the student's eligibility for special education services discussed and determined. If the student is determined ineligible, a Notice of Ineligibility will be issued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of Placement issued within 5 schooldays of the said meeting if a DCPS placement is recommended; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

2. IDEAPCS shall invite DCPS to attend the said MDT/Eligibility/IEP/Placement meeting.

3. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/ Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

4. For the said MDT/Eligibility/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. In the event of independent evaluation(s) sent to IDEAPCS, Counsel for the Parent will verify by telephone the receipt of the evaluation report copy(ies) by the IDEAPCS person

addressee. For disputes under this paragraph, documentation of the parties will be relied upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.**

______________________ Date: Sept. 29, 2006
H. St. Clair, Esq., Hearing Officer

Issued: 9/29/06
Student Hearing Office, DCPS

**District of Columbia Public Schools**
***State Enforcement Investigative Division***
**STUDENT HEARING OFFICE**
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



***FACSIMILE SHEET***

Date: September 29, 2006

TO: Roberta L. Gambale

FROM: STUDENT HEARING OFFICE

RE: McKinley, Katrice

TOTAL NUMBER OF PAGES, INCLUDING COVER: 10

COMMENTS:

***CONFIDENTIALITY NTOICE***: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| AK | Ann Kreske, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| OK | Omar Karram, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |
| CFC | Christie Fontaine-Covington, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| CSH | Clarence S. Hayes, BS |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |
| BC | Blair Copeland, BA |
| DO | Daverba Ortiz |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| CM | Carolyn Monford, MA |
| GMH | Garield Mark Hohman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CH | Corey Hamilton, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

9/14/2006

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Katrice McKinley
DOB: 4/15/90
4202 Fort Dupont St. SE
Washington DC 20020

November 07, 2006

In Reference To: Katrice McKinley
DOB: 4/15/90

Invoice #11938

Professional Services

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/4/2006 | BC | Drafted letter to parent and prepared file jacket | 0.33<br>130.00/hr | 42.90 |
| 1/10/2006 | YA | Drafted letter requesting records to IDEA, PCS, Mary Phelps, DCPS and Ericka Pierson | 0.67<br>115.00/hr | 77.05 |
| | RG | Conference with parent- re: status and history; instruction to YA; call to MM with questions | 0.67<br>365.00/hr | 244.55 |
| 1/11/2006 | RG | Discussion with advocate; discussion with mom re: status and evaluations; reviewed letters from teachers recommending testing for student | 0.67<br>365.00/hr | 244.55 |
| | YA | Drafted letter to parent re, request for records and evaluations | 0.25<br>115.00/hr | 28.75 |
| 1/13/2006 | RG | Conference with parent re: attempts to register | 0.17<br>365.00/hr | 62.05 |
| 1/17/2006 | RG | Conference with parent and MM re: current case status; ongoing attempts to register at school. | 0.17<br>365.00/hr | 62.05 |
| | MM | Conference with parent and attorney re: status and registration | 0.33<br>185.00/hr | 61.05 |
| 1/18/2006 | RG | Drafted letter to PCS re: records; discusss with assistant regarding follow up with parent and school | 0.58<br>365.00/hr | 211.70 |
| 2/1/2006 | MM | Discussion with RG re: meeting; call from parent | 0.33<br>185.00/hr | 61.05 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/1/2006 | RG | Discussion with MM re: meeting; call from parent | 0.33<br>365.00/hr | 120.45 |
| 2/8/2006 | MM | Discussion with school | 0.25<br>185.00/hr | 46.25 |
| 2/9/2006 | MM | Discussion with paralegal, re: scheduling of MDT/IEP Meeting | 0.17<br>185.00/hr | 31.45 |
| | YA | Discussion with parent regarding the scheduling of the MDT/IEP Meeting for the student. | 0.17<br>115.00/hr | 19.55 |
| 2/13/2006 | MM | Conference with parent | 0.17<br>185.00/hr | 31.45 |
| 2/24/2006 | RG | Review student's educational file; prepared and file due process hearing request to DCPS/ Charter school re: failure to identify student and/or evaluate | 2.00<br>365.00/hr | 730.00 |
| | JEB | Examined and certified hearing request filed by attorney | 0.25<br>385.00/hr | 96.25 |
| 2/27/2006 | YA | Drafted letter to parent regarding the Due Process Complaint | 0.25<br>115.00/hr | 28.75 |
| 2/28/2006 | MM | Discussion with school | 0.17<br>185.00/hr | 31.45 |
| 3/1/2006 | YA | Sent deadline notice to attorney and advocate regarding records | 0.08<br>115.00/hr | 9.20 |
| 3/2/2006 | YA | Discussion with advocate regarding upcoming MDT/IEP Meeting. | 0.17<br>115.00/hr | 19.55 |
| | MM | Discussion with paralegal regarding the upcoming MDT/IEP Meeting. | 0.17<br>185.00/hr | 31.45 |
| 3/3/2006 | MM | Reviewed hearing request dated 2/27/06 | 0.08<br>185.00/hr | 14.80 |
| 3/6/2006 | MM | Reviewed information regarding MDT. | 0.50<br>185.00/hr | 92.50 |
| | MM | Attended MDT/IEP @ school | 3.00<br>185.00/hr | 555.00 |
| | YA | Discussion with advocate regarding the hearing request and meeting | 0.25<br>115.00/hr | 28.75 |
| 3/22/2006 | YA | Drafted letter to parent regarding the hearing date notice | 0.17<br>115.00/hr | 19.55 |

| Date | Init. | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/22/2006 | RG | Reviewed case file for upcoming dates and deadlines | 0.17<br>365.00/hr | 62.05 |
| 3/27/2006 | RG | Conference with parent and drafted letter to parent re hearing and case status | 0.25<br>365.00/hr | 91.25 |
| 4/25/2006 | RG | Conference with parent re: case status | 0.17<br>365.00/hr | 62.05 |
| 5/19/2006 | RG | Conference with parent- telephone call from parent/to parent | 0.17<br>365.00/hr | 62.05 |
| 6/8/2006 | RG | Conference with parent- telephone call to and from parent re: case status | 0.17<br>365.00/hr | 62.05 |
| 7/10/2006 | RG | Reviewed dates and deadlines | 0.42<br>365.00/hr | 153.30 |
| 7/13/2006 | RG | Reviewed case status to ascertain progress regarding evaluation status | 0.17<br>365.00/hr | 62.05 |
| 7/19/2006 | RG | Conduct research, review of student's educational file and prepared and file amended due process hearing request to DCPS and IDEA PCS and discussion with parent | 2.00<br>365.00/hr | 730.00 |
| | YA | Discussion with the child's attorney | 0.17<br>115.00/hr | 19.55 |
| | JEB | Examined and certified hearing request filed by attorney | 0.25<br>385.00/hr | 96.25 |
| 7/25/2006 | RG | Conference with parent in office with student | 0.75<br>365.00/hr | 273.75 |
| | RG | Reviewed motion and drafted response | 1.00<br>365.00/hr | 365.00 |
| 7/26/2006 | RG | Reviewed the student's educational file to ascertain case status. | 0.42<br>365.00/hr | 153.30 |
| 8/24/2006 | RG | Conference with parent regarding the status of the student's case. | 0.33<br>365.00/hr | 120.45 |
| 8/25/2006 | YA | Drafted letter to parent regarding the hearing date notice | 0.58<br>115.00/hr | 66.70 |
| 9/15/2006 | YA | Assisted attorney to prepare disclosure to DCPS; includes reviewing hearing request, discussion with attorney; retreived documents that are relevant; draft 5-day disclosure letter, tab documents, make copies and package for courier | 1.17<br>115.00/hr | 134.55 |

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/15/2006 | YA | Sent Disclosure documents to Dalton & Dalton | 0.50<br>115.00/hr | 57.50 |
| | RG | Review the student's file, prepare five-day disclosures for the student's administrative due process complaint hearing | 1.00<br>365.00/hr | 365.00 |
| 9/21/2006 | RG | Conduct review of student's educational file and 5 day disclosure from Dalton and DCPS; draft questions for direct examination and prepared witnesses in preparation for Due Process Hearing and calls to parent (3) | 1.50<br>365.00/hr | 547.50 |
| 9/22/2006 | RG | Appearance to 825 North Capital for due process hearing and pre/post hearing conference with parent | 3.00<br>365.00/hr | 1,095.00 |
| | | For professional services rendered | 26.54 | $7,581.45 |

Additional Charges :

| Date | Description | Amount |
|---|---|---|
| 1/10/2006 | Facsimile: Initial records to IDEA, DCPS. | 21.00 |
| 1/11/2006 | Postage: letter to parent re: initial records. | 0.63 |
| | Copied req. initial & records for parent. | 1.75 |
| | Copied req. for records and evals for parent. | 0.25 |
| | Facsimile Received from DCPS re: evaluations. | 11.00 |
| 2/3/2006 | Facsimile Received from DCPS RE: certificate of no records. | 2.00 |
| 2/27/2006 | Copied: HR for parent and adv. | 4.00 |
| | Facsimile: due process complaint to IDEAL PCS | 8.00 |
| | Postage; letter to parent re: HR. | 0.63 |
| 3/6/2006 | Facsimile Received from DCPS re: response from OGC. | 4.00 |
| 3/22/2006 | US Postage; letter to parent re HDN | 0.39 |
| | Copied HDN for parent. | 0.25 |
| | Copied ltr re:HDN for parent. | 0.25 |
| | Received fax from SHO - HDN | 1.00 |
| 6/9/2006 | Facsimile: HR to SHO. | 8.00 |
| 7/10/2006 | Copied: HDN letter for parent. | 0.50 |

| Date | Description | Amount |
|---|---|---|
| 7/10/2006 | Postage; letter to parent re: HDN. | 0.39 |
| 7/19/2006 | Facsimile: HR to SHO, IDEA PCS. | 24.00 |
| | Facsimile: HR to IDEA. | 7.00 |
| | Copied: HR letter for parent & adv. | 3.50 |
| 7/20/2006 | Copied: HR letter for parent. | 0.25 |
| 7/21/2006 | Postage; letter to parent re: HR. | 0.63 |
| 7/27/2006 | Facsimile: response to motion to SHO. | 5.00 |
| 8/25/2006 | Copied; HDN w/letter for parent and advocate. | 0.75 |
| | Postage; Letter to parent re: HDN | 0.39 |
| 9/15/2006 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Facsimile to Dalton+Dalton re: disclosure | 90.00 |
| | Copied documents for adv re: disclosure | 22.75 |
| | Copied documents for atty re: disclosure | 22.75 |
| | Copied documents for SHO re: disclosure | 22.75 |
| | Copied documents for OGC re: disclosure | 22.75 |
| 9/22/2006 | Sedan taxi service to and from DCPS for hearing | 16.00 |
| | File review preparation of bill and invoice audit | 96.88 |
| | Total additional charges | $419.44 |
| | Total amount of this bill | $8,000.89 |

User Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Blair Copeland, Paralegal | 0.33 | 130.00 | $42.90 |
| James E. Brown, Attorney | 0.50 | 385.00 | $192.50 |
| Michelle Moody, Advocate | 5.17 | 185.00 | $956.45 |
| Roberta Gambale, Attorney | 16.11 | 365.00 | $5,880.15 |
| Yamileth Amaya, Paralegal | 4.43 | 115.00 | $509.45 |

*State Edı ˙ ion Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*




*Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals wit**
- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.
- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.
- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.
- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.
- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

**INFORMATION ABOUT THE STUDENT:**

Name of the Student: **Katrice McKinley** Date of Birth: **April 17, 1990**
Address: **4202 Fort Dupont St. SE Washington, DC 20020**
Home School: **IDEA Public Charter School Center**
Present School of Attendance: **Same** [1]

Is this a charter school? Yes (If yes, you must also provide a copy of this notice to the charter school principal or director)

[1] Pursuant to the recommendations of her doctors, K.M. has not yet returned to school since her release from the hospital.

Parent/Guardian of the Student: M Consuela McKinley
Address (if different from the student's above): same

**B. Legal Representative/Attorney:**

Name: **Roberta L. Gambale, Esq. ( James Brown and Associates, PLLC)**
Address: 1220 "L" Street, Suite 700, Washington, DC 20005
Phone: (w) (202)742-2000 (ext. 2021) (Fax) (202) 742-2098 (e-mail) Rgambale@jeblaw.biz
Will attorney / legal representative attend the resolution session? X Yes ☐ No

**C. Complaint Made Against (check all that apply):**

X IDEA Public Charter School

**D. Resolution Session Meeting Between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

The parent, by and through counsel, wishes to waive the Resolution Session Meeting for this process.

**E. Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**I am requesting an administrative due process hearing only.**

**F. Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

**I. Nature of the problem.**

**Background**

Katrice McKinley( hereinafter "K.M.") DOB: 4/15/90, is a 10th grade student at IDEA Public Charter School. In October 2005, after a suicide attempt at the school, K.M. was hospitalized at the Psychiatric Institute of Washington ("PIW"). Upon her release from PIW, it was recommended that K.M. receive home educational services. While parent promptly provided a copy of Dr. Laurence Greenwood's recommendation to both the Charter School and District of Columbia Public Schools ("DCPS") requested that home services be provided, such services have not been provided to K.M. No further action was taken by either DCPS or IDEA PCS regarding K.M. In January 20065, parent retained the services of counsel and a written request for both evaluations and/or a meeting to review diagnosis made at PIW and discuss K.M.'s educational needs. An MDT meeting was held on or about March 6, 2006 at IDEA Public Charter School at which time the team agreed to conduct comprehensive evaluations of the student. To date, evaluations have not been conducted and/or a meeting convened to address KM's need for services.

**Issues**

1. **IDEA Public Charter School failed to evaluate within 120 days and/or identify K.M. as a disabled student in need of Special Education Services pursuant to its' "child find" obligation and DC Municipal Regulations**

The Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, at Sec. 101, § 612(3)(A), requires , the LEA to ensure that:

> All children with disabilities residing in the State, including children with disabilities who are homeless children or are wards of the District and children with disabilities attending private schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and currently receiving needed special education and related services.

The public agency's child find obligation is an affirmative one. Lincoln County Sch. Dist. .A .A., 39 IDELR 185 (D.Or. 2003). Wise vs. Ohio Dept of Education, 80 F.3d. 177, 181 (6th Cir. 1996); Robertson County School System vs. King, 24 IDELR 1036 (6th Cir. 1996) (affirmative obligation on states and local school districts—not parents-to identify, locate and evaluate all children, including migrants and the homeless, with disabilities residing within the jurisdiction who have disabilities and are in need of special education or related services.) DCPS' unawareness of a student's possible disability and need for special education likewise will not relieve it of its obligation, if it should have suspected the student might have such a disability. Reid vs. District of Columbia, 310 F. Supp 2d 137 (D.D.C. 2004); 30 DCMR Sec. 3004.1(a) (child with a suspected disability to be referred to IEP team by school staff.) The proposed regulation at 34 C.F.R. 300.325(a)(1)(2) restate the statutory requirement and make it applicable to all children who are "suspected of being a child with a disability under Section 300.7 and in need of special education, even though they are advancing from grade to grade." The IDEIA's sweeping child find requirement applies to all children residing in the District of Columbia regardless of:

(a) The severity of the disability;
(b) Whether the child is in the custody or under the jurisdiction of any public or private agency or institution;
(c) Whether the child has never attended or will never attend public school; and
(d) Whether the District of Columbia serves infants and toddlers under Part C or preschool children under Part B.

DC Municipal Regulations place the obligation to conduct comprehensive evaluations of the student upon the LEA. ( 30 DCMR Sec 3005). In the case at hand, the Charter school filed lived up to their obligations to identify and/or evaluate K.M. Charter School were on notice that K.M. was a student with a disability back in October 2005 and of the fact that she was diagnosed with major depression and that depression. The parent timely informed the Charter School after K.M.'s release from PIW of the fact that the doctor was recommending services. When the Charter School failed to respond, the parent sent a letter to DCPS Superintendent Janey's Office advising him of the situation and requesting 'assistance on or about November 8, 2005.

In addition, many of th[illegible] eacher's admitted to having concerns a[illegible]t K.M.'s academic performance during the first advisory of the 05/06 school year. One teacher reported that K.M. appeared to be distracted in class and often failed to turn in class work. In a written statement the teacher asserted that " *Katrice seems to need more specialized attention. It would be in her best interest to get tested and receive services from special education*" Other teachers as well reported similar problems and recommended services. According to her English teacher, who taught K.M not only in 10th grade but also in 9th grade "*It is my recommendation that Katrice be examined for possible disabilities, academic or emotional that may be keeping her from accomplishing much of what she wishes to accomplish in school*".

A multidisciplinary team meeting was held on or about March 6, 2006 at which time the Charter school agreed to do comprehensive testing for K.M. To date, the only evaluator the parent has been contacted by was a social worker to whom the parent provided the requisite information for a social history evaluation to be completed though the parent has not received a copy of the written evaluation report. [2]

As a result of the failure to meet their obligations under "Child Find" K.M. has been denied a Free and Appropriate Public Education ("FAPE") and should be entitled to compensatory relief to help remediate the harm caused by Charter School failure to identify and/or program for this student. See School Committee of the Town of Burlington, Massachusetts v. Department of Education of Massachusetts, 471 U.S. 359 (1985); Diatta v. District of Columbia 319 F. Supp.2d 57, 65 D.D.C. 2004 Kerkam I, 862 F.2d 84 (D.C. Cir. 1991). KM has missed over ten (10) months of school and will likely be unable to graduate on time due to her disability. There is concern about whether or not an alternate placement is needed for this student.

## II. Issues presented.

- Whether IDEA Public Charter School denied K.M. a free and appropriate public education by failing to meet their child find obligation under either the IDEA and/or IDEIA and/or failed to comply with DC Municipal Regulations?
- Whether the Charter School, as the LEA, failed to evaluate and/or identify this student as eligible for special education services?
- Whether KM has been denied a Free And Appropriate Public Education ("FAPE")?

## III. To the extent known to you at this time, how can this problem be resolved?

**WHEREFORE,** the parent, by and through counsel, requests the following relief:

1. A finding that Charter School denied K.M. FAPE by failing to identify and/or evaluate her in a timely manner;
2. That the Charter School shall fund the following evaluations to include but not limited to: a) psycho-educational evaluation; b) clinical psychological; c) speech and language assessment; d) social history ; e) functional behavioral assessment; and e) classroom observation, as well as, any evaluations warranted based upon the findings of these such as either a psychiatric evaluation and/or neuropsychological evaluation and/or audiological evaluation and/or occupational therapy evaluation;

[2] Because the parent is concerned about evaluations being completed and eligibility and placement being discussed before the commencement of the 06/07 school year- she has paid out of pocket for an independent psychological evaluation.

3. That the Charter School reimburse the parent for any out of pocket expenses incurred in obtaining indpendent evaluations not completed within the 120 day time frame within 30 calendar days;

4. That the Charter School shall convene an MDT meeting within ten (10) calendars days of completion of the assessments for the purpose of reviewing evaluations; revising the IEP; discussing compensatory education; discussing and determining placement;

5. That the Charter School shall invite DCPS to participate in the meeting to be scheduled;

6. That at the afore mentioned meeting, Charter School shall secure the participation of all necessary IEP team members to include but not limited to the appropriate personnel required to review assessments and develop an appropriate program for this child and discuss placement and compensatory education;

7. A Notice of Placement to a suitable placement shall be issued by the public agency with 5 days (public school) or within 30 days (private school) with parent participation;

8. That Charter agrees to pay counsel for the parent's reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

9. All meetings shall be scheduled through counsel for the parent, Roberta L. Gambale, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

10. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the Charter School and/or DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

11. In the event that the Charter School shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the authority to use self help without further notice to the Charter School/ DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the Charter School/DCPS can come into compliance and properly assess, program and/or participate;

12. Provide counsel for the parent with copies, pursuant to 5 DCMR 3021.8, of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

13. 19.. The Charter School shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.24, designed to meet this student's unique needs and preparation for employment and independent living;

14. That Charter School within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Roberta L. Gambale, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why they proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those

options were rejectec .) a description of each evaluation procedu. , assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

15. That Charter School, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of Charter School/DCPS, for their desire to have a Resolution Session Meeting, and the guardian's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

16. That Charter School , within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

17. That the Charter School's failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

18. That the Charter School, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

19. That the Charter School, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a psychiatrist and/or clinical psychologist; 5) an occupational therapist; and/or 6) any person(s) who conducted any assessments on the student.

20. That the Charter School's failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between Charter School and the guardian to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

21. A finding that the parent is the prevailing party in this action.

**G. Accommodations and Assistanc ‹eeded:**

- N/A

Dated this 19th day of July, 2006

Roberta L. Gambale, Esq.,
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2021
Counsel for the Parent

**Mail, fax or deliver this complaint notices to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3377 |
| CONNECTION TEL | 93994387 |
| CONNECTION ID | |
| ST. TIME | 07/20 09:27 |
| USAGE T | 02'47 |
| PGS. SENT | 8 |
| RESULT | OK |

**JAMES E. BROWN & ASSOCIATES, PLLC**

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE: 7/19/06

TO: IDEA Public Charter School

FAX NO.: (202) 399-4750

FROM: Roberta L. Gambale, Esq.

SUBJECT: Due Process Complaint for Katrice McKinley

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

**JAMES E. BROWN & ASSOCIATES, PLLC**

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE: **7/19/06**

TO: **IDEA Public Charter School**

FAX NO.: **(202) 399-4750**

FROM: **Roberta L. Gambale, Esq.**

SUBJECT: **Due Process Complaint for Katrice McKinley**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

*** TX REPORT ***

TRANSMISSION OK

TX/RX NO 1047
RECIPIENT ADDRESS 97037392323
DESTINATION ID
ST. TIME 07/19 12:18
TIME USE 01'26
PAGES SENT 8
RESULT OK

**JAMES E. BROWN & ASSOCIATES, PLLC**

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE: **7/19/06**

TO: **William Houston**

FAX NO.: **(703) 739-2323**

FROM: **Roberta L. Gambale, Esq.**

SUBJECT: **Due Process Complaint for Katrice McKinley**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only


# FAX COVER SHEET

DATE: **7/19/06**

TO: **William Houston**

FAX NO.: **(703) 739-2323**

FROM: **Roberta L. Gambale, Esq.**

SUBJECT: **Due Process Complaint for Katrice McKinley**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

*********************
*** TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1045 |
| RECIPIENT ADDRESS | 94425556 |
| DESTINATION ID | |
| ST. TIME | 07/19 12:15 |
| TIME USE | 01'06 |
| PAGES SENT | 8 |
| RESULT | OK |

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only

# FAX COVER SHEET

DATE: 7/19/06

TO: Ms. Sharon Newsome, DCPS Student Hearing Coordinator

FAX NO.: (202)442-5556

FROM: Roberta L. Gambale, Esq.

SUBJECT: Due Process Complaint for Katrice McKinley, DOB: 4/15/90

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Roxanne D. Neloms
Omar Karram

! Admitted in Bolivia Only


# FAX COVER SHEET

DATE: **7/19/06**

TO: **Ms. Sharon Newsome, DCPS Student Hearing Coordinator**

FAX NO.: **(202)442-5556**

FROM: **Roberta L. Gambale, Esq.**

SUBJECT: **Due Process Complaint for Katrice McKinley, DOB: 4/15/90**

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s). Please note that any dissemination, distributions or copying of this communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone and return the original message to us at the above address via the U.S. Mail.

# Exhibit 5

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Counsuella McKinley

August 22, 2008

In Reference To: Consuella McKinley

Invoice #10013

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/5/2007 | TG | Review of Complaint lodged against the parent. Prepared answer. | 0.92<br>365.00/hr | 335.80 |
| 1/29/2007 | TG | Filed answer. | 0.92<br>365.00/hr | 335.80 |
| | TG | Filed answer. | 0.92<br>365.00/hr | 335.80 |
| 6/1/2007 | TG | Discussion with opposing counsel regarding the filing of the Joint Rule 16.3(b). | 0.92<br>365.00/hr | 335.80 |
| 8/2/2007 | RN | Notice of Substitution filed by Roxanne Neloms | 0.17<br>270.00/hr | 45.90 |
| | RN | Review of record received on August 1. Began to review extensive record along with taking notes. | 1.25<br>270.00/hr | 337.50 |
| 8/3/2007 | RN | Review of record received on August 1. Began to review extensive record along with taking notes. | 1.75<br>270.00/hr | 472.50 |
| 8/22/2007 | RN | Complied legal research on the issues present in the plaintiff's complaint. | 1.75<br>270.00/hr | 472.50 |
| 8/24/2007 | RN | Continued legal research. | 1.75<br>270.00/hr | 472.50 |
| 9/5/2007 | RN | Drafted statement of material facts and basis of motion for summary. First draft. | 2.75<br>270.00/hr | 742.50 |

Counsuella McKinley



| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/11/2007 | RN | Continued working on statement of material facts and motion for summary judgment. Reviewed and revised both documents. | 2.75<br>270.00/hr | 742.50 |
| 9/26/2007 | RN | Final revision of statement of material facts and motion for summary judgment. | 1.75<br>270.00/hr | 472.50 |
| 10/5/2007 | RN | Filed Motion for summary judgment. | 0.17<br>270.00/hr | 45.90 |
| 10/9/2007 | RN | Reviewed motion for summary judgment filed by plaintiff and began to prepare opposition to the plaintiff's motion for summary judgment. | 1.50<br>270.00/hr | 405.00 |
| 10/18/2007 | RN | Completed additional legal research and began first draft of motion. | 1.00<br>270.00/hr | 270.00 |
| 10/30/2007 | RN | Completed draft and reviewed for final revisions and edits. | 1.75<br>270.00/hr | 472.50 |
| 11/5/2007 | RN | Filed opposition motion. | 0.17<br>270.00/hr | 45.90 |
| 11/8/2007 | RN | Reviewed plaintiff's opposition motion and began drafting response. | 0.92<br>270.00/hr | 248.40 |
| 11/15/2007 | RN | Completed reply motion to opposition. Reviewed and revised for filing. | 1.58<br>270.00/hr | 426.60 |
| 11/19/2007 | RN | Filed reply motion. | 0.17<br>270.00/hr | 45.90 |
| 8/15/2008 | CM | Review docket and provide attorney with copy | 0.33<br>115.00/hr | 37.95 |
| | | For professional services rendered | 25.19 | $7,099.75 |